# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| HERMAN OLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 09-0192-WS-N |
| ) | |
| RETIREMENT PLAN OF ) | |
| INTERNATIONAL PAPER COMPANY, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on the defendant's motion in limine. (Doc. 35). The plaintiff has filed a response, (Doc. 37), and the motion is ripe for resolution.

The single count of the complaint alleges that the Plan wrongfully denied the plaintiff's claim for disability and thereby violated ERISA. (Doc. 1). The joint pretrial document confirms this is the only claim in the lawsuit. (Doc. 33 at 2).

The parties agree that "the arbitrary and capricious standard of review applies." (Doc. 33 at 4). They also agree that, "[u]nder the arbitrary and capricious standard of review, the Court's review of the Retirement Plan's benefits decision is limited to the administrative record before the Plan Administrator at the time the decision was made." (*Id.*). That is, the trial court "does not take evidence, but, rather, evaluates the reasonableness of an administrative determination in light of the record compiled before the plan fiduciary." (*Id.* (internal quotes omitted)). In reliance on these agreed principles and the cases underlying them, the defendant moves the Court "to exclude from trial any evidence that was not submitted to or collected by the Retirement Plan for consideration during the administrative claim review." (Doc. 35 at 1).

The plaintiff counters that evidence beyond the administrative record is allowed when "related to either interpreting the plan or explaining medical terms and procedures

relating to the claim." (Doc. 37 at 2, ¶ 2). The single case on which he relies supports this proposition only with respect to interpreting the plan, but the plaintiff identifies no dispute concerning the interpretation of the subject plan.

The plaintiff does assert that the medical records of Drs. Romeo and Kirkland "help explain the medical terms and procedures used to treat the Plaintiff for the disability listed in his disability application." (Doc. 37 at 3, ¶ 6). As a threshold matter, these documents are already in the administrative record. (Doc. 23, Exhibit C, Part I at Olds 64-69, 72-76, 81-96; *id*. Part II at Olds 97-129). Indeed, the plaintiff admits as much. (Doc. 37 at 2-3, ¶¶ 4-5). To the extent the plaintiff desires to present additional records from these providers, he cites no authority for the proposition that evidence extrinsic to the administrative record can be used to explain medical terms and procedures. At any rate, he did not list any such documents in his list of trial exhibits,[1] and it is too late to do so now. (Doc. 17, Attachment at 4, ¶ 4.J). The plaintiff's effort to call Drs. Romeo and Kirkland as witnesses, (Doc. 37 at 3, ¶ 6), fails for the same reasons, including the plaintiff's failure to list them as witnesses in the pretrial document. (Doc. 33 at 12).

The plaintiff also argues he should be allowed to testify, in order "to state with specificity in the record before the Court the details of his complaints." (Doc. 37 at 3-4, ¶¶ 7-8). The plaintiff argues that, because the medical records in the administrative file reference pain and swelling in his lower extremities stemming from chronic venous stasis, his presentation of more detail concerning this condition and its effects on his ability to work "is not new evidence." (*Id*. at 4, ¶ 8). What the plaintiff proposes, however, is precisely what the governing law (which he acknowledges) prohibits: presenting additional evidence of the existence, severity and consequences of the physical condition on which he bases his claim of disability.

---

[1]The joint pretrial document states that the plaintiff "[p]lans to submit the medical records for the physicians, who will be called to testify in this matter." (Doc. 33 at 13). Because the plaintiff's list of trial witnesses does not include Drs. Romeo and Kirkland, (*id*. at 12), neither does his exhibit list include their medical records.

For the reasons set forth above, the defendant's motion in limine is **granted**. Neither party will be allowed to present evidence outside the administrative record. The only such evidence identified by the defendant is the presentation of two witnesses to authenticate the administrative record. (Doc. 33 at 11-12). At the pretrial conference, the plaintiff stipulated to that record, so there is no need for the authenticating witnesses. Because no evidence beyond the administrative record will be received, the hearing set for May 24, 2010 is **cancelled**.

The burden is on the plaintiff to show that the defendant's decision was arbitrary and capricious. (Doc. 33 at 4). Accordingly, the plaintiff is **ordered** to file and serve his principal brief in support of his claim on or before **June 1, 2010**.[2] The defendant is **ordered** to file and serve its responsive brief on or before **June 15, 2010**. The plaintiff is **ordered** to file and serve any reply brief on or before **June 29, 2010**. The Court will take the case under submission on June 29, 2010.[3]

Principal briefs are limited to 40 pages, the reply brief to 20 pages.[4] The Court expects both sides to address the issues discussed in the Court's order on motion for summary judgment, (Doc. 27 at 6-10), much more helpfully than they have to date. The Court also expects both sides to address the appropriate remedy should the Court

---

[2]The principal brief must include and support, with legal authority and cogent discussion, all bases asserted by the plaintiff in support of the proposition that the defendant's decision was arbitrary and capricious. District courts, including this one, ordinarily do not consider arguments raised for the first time on reply. *See Park City Water Authority v. North Fork Apartments, L.P.* 2009 WL 4898354 at *1 n.2 (S.D. Ala. 2009) (citing cases from over 40 districts applying the rule in 2009 alone).

[3]The defendant is **ordered** to file and serve the administrative record on or before **May 18, 2010**, along with the hard copy required by the Rule 16(b) scheduling order. (Doc. 17 at 7, ¶ 13.c).

[4]The parties may not incorporate by reference previous briefs or portions thereof, except that the plaintiff in his reply brief may rely on portions of his principal brief.

determine that the defendant's decision was wrong or arbitrary and capricious.[5]

DONE and ORDERED this 11th day of May, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] By way of example only, should the plaintiff be awarded benefits (and, if so, in what amount) or should the matter be remanded to the defendant for further proceedings (and, if so, with what direction to the parties as to the nature of the proceedings and the issues and evidence to be considered)?