# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| HERMAN OLDS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 09-0192-WS-N |
| RETIREMENT PLAN OF INTERNATIONAL PAPER COMPANY, INC., | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the plaintiff's motion for attorney's fees, costs and expenses. (Doc. 45). The parties have filed briefs in support of their respective positions, (Docs. 45, 49, 50), and the motion is ripe for resolution.

## BACKGROUND

The plaintiff sued after the defendant ("the Plan") denied him retirement disability benefits. The Court denied the Plan's motion for summary judgment and set the case for bench trial. Once it was determined that the record was limited to the administrative record, the hearing was cancelled and the case submitted on briefs. The Court ultimately ruled that the Plan failed to provide the plaintiff the "full and fair review" required by statute and remanded to the Plan to do so. (Docs. 43-44).

As set forth in the Court's order, the plaintiff was employed by International Paper Company for many years in a heavy-duty capacity. He last worked in March 2006 and underwent a total knee replacement in April 2006. The plaintiff was a participant in the Plan and was eligible to apply for benefits pursuant to the Plan. In December 2006, the plaintiff applied for retirement disability benefits without clearly articulating the basis of

his claim, and the Plan denied benefits. The plaintiff timely perfected an administrative appeal, explicitly notifying the Plan that he claimed disability based on his chronic venous stasis and submitting medical records substantiating the existence of this condition. The Plan completely ignored these records and completely ignored the plaintiff's stated basis of disability, instead determining only that the plaintiff was not disabled by his knee condition. The Plan was thus in gross violation of 29 U.S.C. § 1133(2) and its implementing regulations. Because the medical records were not so clear as to demonstrate that any ultimate denial of benefits based on chronic venous stasis would be insupportably arbitrary and capricious, the Court did not order the Plan to award benefits but instead ordered the Plan to conduct the full and fair review it has heretofore inexcusably denied the plaintiff.

The plaintiff thereafter timely filed the instant motion for fees and expenses. The Plan objects: (1) that the plaintiff has not achieved sufficient success to permit an award of fees; (2) that the relevant factors informing the Court's discretion as to an award weigh against such an award; and (3) that the requested fees, if awarded at all, should be reduced. The Court addresses these contentions in turn.

### A. Success on the Merits.

"In any action under this subchapter …, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). A plaintiff need not be a "prevailing party" in order to receive an award under Section 1132(g)(1). *Hardt v. Reliance Standard Life Insurance Co.*, 130 S. Ct. 2149, 2156 (2010). Instead, a party is "eligible" for an award of fees and costs, *id*. at 2158 n.8, "as long as the fee claimant has achieved some degree of success on the merits." *Id*. at 2152 (internal quotes omitted); *accord id*. at 2158. "A claimant does not satisfy that requirement by achieving trivial success on the merits or a purely procedural victor[y]." *Id*. (internal quotes omitted). The standard is met, however, "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy

inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue." *Id*. (internal quotes omitted).

The Plan argues that the Court's remand order does not attain the *Hardt* threshold because it did not direct the Plan to award benefits or indicate that benefits should be awarded. The Plan further complains that the plaintiff did not seek remand but affirmatively argued against remand. (Doc. 49 at 2-5).

In *Hardt*, the trial court remanded for a full and fair review under Section 1133(2). The Supreme Court, however, declined to say "whether a remand order, without more, constitutes some success on the merits sufficient to make a party eligible for attorney's fees under § 1132(g)(1)." 130 S. Ct. at 2158-59. Instead, the Court also noted that the district court found compelling evidence of disability and was inclined to rule in the plaintiff's favor but remanded to give the defendant a chance to rectify deficiencies in its review, with the warning that the court would enter judgment for the plaintiff should the defendant not promptly provide such a review. The Court also noted that, before fees were sought, the defendant had reversed its decision and awarded the plaintiff benefits. *Id*. But the Court did not say that these circumstances constitute the floor for "some degree of success on the merits." On the contrary, the Court ruled that these facts established "far more" than the minimum threshold, *id*. at 2159, so the actual floor must be far below the *Hardt* scenario.

The *Hardt* Court borrowed its standard from *Ruckelshaus v. Sierra Club*, 463 U.S. 680 (1983). Lower court cases citing these Supreme Court authorities have usually concluded that a remand to the defendant to conduct further administrative proceedings is not a merely procedural victory but reflects a sufficient degree of success on the merits to qualify for an award of fees and expenses. *See, e.g., Michigan v. U.S. Environmental Protection Agency*, 254 F.3d 1087, 1091 (D.C. Cir. 2001); *Frye v. Metropolitan Life Insurance Co.*, 2011 WL 466686 at *5 (W.D.W. Va. 2011); *Young v. Verizon's Bell Atlantic Cash Balance Plan*, 748 F. Supp. 2d 903, 911-12 (N.D. Ill. 2010) (citing cases); *Bowers v. Hartford Life & Accident Insurance Co.*, 2010 WL 4117515 at *2 (S.D. Ohio

[3]

2010); *Blajei v. Sedgwick Claims Management Services, Inc.*, 2010 WL 3855239 at *3-4 (E.D. Mich. 2010). *Contra Dickens v. Aetna Life Insurance Co.*, 2011 WL 1258854 at *5 (W.D.W. Va. 2011); *Christoff v. Ohio Northern University Employee Benefit Plan*, 2010 WL 3958735 at *2 (N.D. Ohio 2010).

Missing from most of these and other cases is a thoughtful consideration of what the term "merits" denotes. The answer lies in *Ruckelshaus*, where the Court made clear that "merits" refers to "the merits of [a party's] claims" and that "claims" are the claims asserted in the litigation. 463 U.S. at 681-82. Thus, a plaintiff has experienced "some degree of success on the merits" when he presents a claim that the defendant violated his rights and the court rules that the defendant did violate those rights.[1] That is precisely what occurred here: among other arguments, the plaintiff claimed that the Plan violated his statutory right to a full and fair review, and the Court held that the Plan did indeed violate that right.

That the *relief* the plaintiff received on this meritorious claim is a full and fair administrative review rather than a guaranteed award of benefits at the judicial or administrative level may speak to the quantum of his success on the merits of his claim, but it does not convert his substantial success on that claim into failure or trivial success. In *Ruckelshaus*, for example – which serves as *Hardt*'s template for construction of Section 1132(g)(1) – the Court confirmed that a provision awarding fees "whenever … appropriate" extends "to suits that forced defendants to abandon illegal conduct." 463 U.S. at 686 n.8. The Court's order commanding the Plan to provide the plaintiff a full and fair review forces the Plan to abandon its illegal conduct of not providing the plaintiff such a review. Nothing in *Hardt* or *Ruckelshaus* supports the Plan's ipse dixit that only

---

[1] The Court does not suggest that only such a clear-cut victory constitutes "some degree of success on the merits," but on the facts of this case it need not consider what lower degree of success might suffice.

[4]

an actual or guaranteed award of benefits constitutes "some degree of success on the merits."

The Plan next attempts to crack the same nut a different way, arguing that a remand for further administrative proceedings is a "purely procedural victory." By definition, that which constitutes some degree of success on the merits cannot also constitute a purely procedural victory, but the Court pauses to address the misconception embraced by the Plan.

"Procedural *remedies* … are to be distinguished from 'purely procedural *victories* ….'" *Chemical Manufacturers Association v. U.S. Environmental Protection Agency*, 885 F.2d 1276, 1279 (5th Cir. 1989) (emphasis added). Procedural victories are those a party obtains in the course of the litigation but that do not result in any success on the litigated claim itself.[2] Procedural remedies, in contrast, follow a substantive victory, which victory necessarily reflects some degree of success on the merits of the litigated claim.

Finally, the Plan asserts that the plaintiff never wanted a remand (because he quite naturally preferred an immediate award of benefits by the Court), so that a remand cannot constitute a subjective success for him. The Plan offers no argument or authority in support of its position. As noted above, remand rather than immediate award may temper the degree of success the plaintiff has obtained, but it does not eliminate the success he received from a judicial finding that the Plan violated his statutory rights and a judicial command to re-evaluate his claim in accordance with law.

---

[2] Examples of procedural victories are the trial court's denial of an opponent's dispositive motions and the appellate court's reversal of the grant of such motions. *Richardson v. Penfold*, 900 F.2d 116, 119 (7th Cir. 1990). Others would include favorable rulings on discovery disputes or motions in limine and orders disqualifying opposing counsel. *Hunger v. Leininger*, 15 F.3d 664, 670 (7th Cir. 1994). Both *Richardson* and *Hunger* speak of "remands" as being procedural, but they address appellate remands to the trial court – remands within the four corners of the litigation itself – not remands from the trial court to the administrator. This is exactly the distinction on which the Court relied to deny fees in *Kenseth v. Dean Health Plan, Inc.*, 2011 WL 901388 at *15 (W.D. Wis. 2011).

For the reasons set forth above, the Court concludes that the plaintiff has obtained a degree of success on the merits sufficient to trigger the Court's discretion whether to award fees and expenses.

**B. Discretion.**

> District courts in our circuit should consider five factors in determining whether to award attorney's fees:
> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; [and] (5) the relative merits of the parties' positions.

*Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1268 (11th Cir. 2008) (quoting *Freeman v. Continental Insurance Co.*, 996 F.2d 1116, 1119 (11th Cir. 1993)). The *Hardt* Court described these factors as "bear[ing] no obvious relation to § 1132(g)(1)'s text or to our fee-shifting jurisprudence," but it did not "foreclose the possibility" that a court could appropriately consider them as a second step after finding that the fee claimant had achieved adequate success on the merits. 130 S. Ct. at 2158 & n.8. The Eleventh Circuit has not addressed whether these factors retain currency in the post-*Hardt* world, but the Fourth and Ninth Circuits have decided that they do. *Williams v. Metropolitan Life Insurance Co.*, 609 F.3d 622, 636 (4th Cir. 2010); *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010). Accordingly, the Court utilizes these factors in determining whether to make an award.[3] None of them is necessarily decisive. *Freeman*, 996 F.2d at 1119.

---

[3] Other factors might be relevant in a given case, *Freeman*, 996 F.2d at 1119, but neither party identifies any such factors or requests the Court to employ them.

The Plan asserts that bad faith connotes the absence of any arguable reason for the challenged decision. (Doc. 49 at 7). *See Florence Nightingale Nursing Service, Inc. v. Blue Cross/Blue Shield*, 41 F.3d 1476, 1485 (11th Cir. 1995); *Freeman*, 996 F.2d at 1120. The Plan says it could not have denied benefits in bad faith because the Court has ruled that, based on the materials the plaintiff provided concerning chronic venous stasis (which the Plan never considered), the Plan could have reasonably concluded (though it never did) that the plaintiff's condition was not disabling at the relevant time. Since the plaintiff prevailed on a Section 1133(2) claim, it is not clear that the relevant decision is the denial of benefits rather than the disregarding of the plaintiff's asserted disabling condition and the medical records supporting his assertion. At any rate, even if the Plan did not act in bad faith, it was at a bare minimum careless in completely ignoring what was patently the basis of the plaintiff's claim, and carelessness constitutes culpable conduct. *Wright v. Hanna Steel Corp.*, 270 F.3d 1336, 1345 (11th Cir. 2001). The Plan offers, and the Court finds, no reason to ignore the Plan's glaring omission of its unequivocal duty to consider the plaintiff's pellucid presentation. The first factor favors an award.

The Plan does not deny that it has the ability to pay an award of fees and expenses. Instead, it suggests the Court should be loath to award fees because the Plan is "funded by a finite pool of assets." (Doc. 49 at 8). Presumably all entities possess a finite quantum of resources, but the Plan has offered no evidence to suggest that its pool is unusually small, shallow or endangered. This is not surprising, given that the Plan is maintained for International Paper, one of America's largest corporations. The second factor favors an award.

The Plan argues that, because it was not culpable, there is nothing to deter. (Doc. 49 at 8). Actually, as discussed above, it was and there is. It is appropriate to weigh the need to deter improper behavior in considering whether to make an award of fees. *E.g., Oliver v. Coca-Cola Co.*, 497 F.3d 1181, 1203 (11th Cir. 2007) (upholding an award based in part on "the need to deter fiduciary decision-making of the sort found in this

case") (internal quotes omitted). Awarding fees can only serve to make the Plan more attentive to its statutory obligation to actually consider claimants' claims and to reduce the Plan's incentive to gloss over them. The third factor favors an award.

The parties and the Court agree that the fourth factor does not favor an award. This is not dispositive. *E.g., Wright*, 270 F.3d at 1344-45 (upholding an award even though the fourth factor did not favor an award).

The Plan argues that the relative merits of the parties' positions will not be known until after the Plan completes its Court-ordered full and fair review. (Doc. 49 at 8-9). The relevant merits, however, do not concern whether the plaintiff will ultimately receive benefits but whether the Plan violated the plaintiff's right to a full and fair review of his claim. The disparity in those merits is stark, as set forth in the Court's previous orders. This is not, and never has been, anything like a close case, the Plan's best efforts to show otherwise notwithstanding. The fifth factor favors an award.

For the reasons set forth above, the Court concludes that it should exercise its discretion in favor of an award fees and expenses.

**C. Amount of the Award.**

The plaintiff seeks $23,557.50 in fees, representing 104.7 hours at $225 an hour, plus $517.20 in expenses. (Doc. 45 at 5-8). The Plan does not challenge the hourly rate, and the only entry it challenges as suspiciously high is for 7.5 hours in connection with the motion for fees. (Doc. 49 at 6). Given that the plaintiff was required to prepare a reply brief responding to the Plan's many arguments, the Court does not find 7.5 hours unreasonably high. To the extent the Plan suggests generally that the time entries are too vague, (*id*.), the Court disagrees. The Court finds the requested hours to have been actually and necessarily expended and the hourly rate reasonable for the market, work and time period involved. The Court likewise finds the requested expenses to have been actually and necessarily incurred and reasonable in amount.

The Plan insists that contemporaneous billing records are essential, (Doc. 49 at 6), but the submitted records appear on their face to meet this standard; that a few entries may contain later annotations further explaining the need for the work performed does not draw into question the contemporaneous nature of the entries. Moreover, the very authority on which the Plan relies states that "[f]ailing to provide contemporaneous billing statements does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours. " *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995); *accord Jean v. Nelson*, 863 F.2d 759, 772 (11th Cir. 1988) ("Our court … has held that contemporaneous time records are not indispensable where there is other reliable evidence to support a claim for attorney's fees."); *Johnson v. University College*, 706 F.2d 1205, 1207 (11th Cir. 1983) ("The lack of contemporaneous records does not justify an automatic reduction in the hours claimed."). The plaintiff's submissions are reliable, and the Plan articulates no argument to the contrary.

Finally, the Plan argues that any award should be "significantly discounted" because the plaintiff has not obtained financial relief but only the possibility of such relief as a result of the judicially ordered full and fair review. (Doc. 49 at 9). The Plan has cited only "prevailing party" cases in support of its argument, and the Court will not undertake research or analysis on the Plan's behalf in an effort to satisfy itself that those principles can or should be extrapolated to the Section 1132(g)(1) context.

For the reasons set forth above, the Court concludes that the plaintiff should be awarded the full amount requested.

## CONCLUSION

The plaintiff's motion for attorney's fees, costs and expenses is **granted**. The plaintiff is awarded the sum of $24,074.70.

DONE and ORDERED this 1st day of June, 2011.

                                        s/ WILLIAM H. STEELE
                                      CHIEF UNITED STATES DISTRICT JUDGE